UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: LAC MÈGANTIC TRAIN DERAILMENT LITIGATION | )<br>)<br>)  1:16-cv-01001-JDL<br>) |

ORDER ON THE PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

This cases arises from a July 6, 2013, train derailment and explosion in Lac Mégantic, Quebec, as discussed in greater detail in this court's Order on Canadian Pacific Railway Company's Amended Motion to Dismiss. The derailment spawned litigation in both Illinois and Texas, with multiple plaintiffs (the "Plaintiffs") asserting claims for negligence and wrongful death against a multitude of defendants, all of whom have since settled with the exception of Canadian Pacific Railway Company ("CP").

The cases which comprised the Illinois and Texas litigation are all now before this court, having been ordered transferred to the District of Maine by me pursuant to the authority established in 28 U.S.C. § 157(b)(5).[1] On April 26, 2016, all thirty-nine cases were consolidated into the instant case, and four fully-briefed substantive

---

[1] For a list of individual case numbers, see ECF No. 1 at 1. Two cases that were originally filed in the Circuit Court of Cook County, Illinois, *Roy v. Western Petroleum Co., et al.,* 1:14-cv-00113, and *Grimard v. Rail World, Inc., et al.,* 1:15-cv-00250, were removed to the U.S. District Court for the Northern District of Illinois before being transferred to the District of Maine in 2014. Another 35 cases followed the same trajectory from the Circuit Court of Cook County to the Northern District of Illinois before being transferred to the District of Maine in 2016, along with two cases from the U.S. District Court for the Northern District of Texas. *See Audet, et al. v. Devlar Energy Marketing, LLC, et al.,* 1:16-cv-00105-JDL; *Boulanger, et al. v. Arrow Midstream Holdings, LLC, et al.,* 1:16-cv-00106-JDL.

motions (the "Common Motions") were deemed filed as to all parties. ECF No. 1 at 2. One of the Common Motions was the Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 3), which was originally filed in December 2015 by the plaintiffs in *Roy v. Western Petroleum Co., et al.,* 1:14-cv-00113, ECF No. 248; and *Grimard v. Rail World, Inc., et al.,* 1:15-cv-00250, ECF No. 83. Oral argument on the Common Motions, including the Plaintiffs' Motion for Leave to File a Second Amended Complaint, took place on July 13, 2016.

In their motion, the Plaintiffs seek to add CP's corporate parent and affiliates as defendants. For the reasons explained below, I deny the motion.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." Accordingly, leave to amend should be granted where there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility...." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Chiang v. Skeirik,* 582 F.3d 238, 244 (1st Cir. 2009). If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, an amendment will be denied if the proposed amendment fails to state a claim and is, therefore, futile. *See Hatch v. Dept. for Children, Youth and Their Families,* 274 F.3d 12, 19 (1st Cir. 2001). "Futility" is gauged by the criteria of Rule 12(b)(6). *Id.*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible

on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In considering the merits of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gargano v. Liberty Intern. Underwriters, Inc.,* 572 F.3d 45, 48 (1st Cir. 2009). The Court must examine the factual content of the complaint and determine whether those facts support a reasonable inference "that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570) (internal quotations omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Haley v. City of Boston,* 657 F.3d 39, 46 (1st Cir. 2011) (internal citations omitted).

## II. ANALYSIS

The proposed second amended complaint adds CP's Canadian parent corporation, Canadian Pacific Railway Limited ("CPL"), as a defendant. ECF No. 3-1 at 5, ¶ 2. CPL is headquartered in Calgary, Alberta, Canada. *Id.* The proposed second amended complaint also adds as defendants CP's three U.S. affiliates: the Soo Line Railroad Company ("CP-Soo"), which is incorporated in Minnesota; the Delaware and Hudson Railway Company, Inc. ("CP-D&H"), which is also incorporated in Minnesota; and the Dakota, Minnesota & Eastern Railroad Company ("CP-DM&E"), which is incorporated in Delaware. *Id.*

The proposed second amended complaint also contains two new pertinent allegations: that CPL operates the four subsidiary corporations as a common enterprise under the "Canadian Pacific" brand, *id.* at 26, ¶ 156, and, that CPL "directly and/or through its subsidiaries, operates a transportation, logistics, and management company which maintains over 14,000 miles of track extending throughout Canada and into the U.S. industrial centers of Chicago, Newark, Philadelphia, Washington, New York City, and Buffalo[,]" *id.* at 26, ¶ 155; *see also id.* at 5-6, ¶ 2.

Throughout the proposed second amended complaint, "CP" is treated as including all five companies, and therefore, the remaining factual allegations contained in the proposed amendment relate to all of the CPL affiliates rather than any one company. *See id.* at 26, ¶ 156. Thus, for example, alleging that "CP transported seventy-two DOT-111 tankers filled with mislabeled volatile crude oil from New Town, North Dakota to Cote Saint-Luc[,]" *id.* at 27, ¶ 159, the proposed second amended complaint treats CPL, CP, CP-Soo, CP-D&H, and CP-DM&E as a single entity in the allegation. This is true for every allegation levied against "CP" in the proposed second amended complaint. *See id.* at 26-35, ¶ ¶ 155 - 175.

The proposed second amended complaint's treatment of all of the CPL-related entities as a single entity does not satisfy the *Iqbal* pleading standard because that treatment is not supported by any facts beyond the bare conclusory allegations that CPL "operates a transcontinental railway . . . *through* its subsidiaries[,]" ECF No. 3-1 at 5, ¶ 2 (emphasis added); *see also id.* at 26, ¶ 155, and that it operates such a

railway "as a common enterprise under the 'Canadian Pacific' brand," *id.* at 26, ¶ 156. Absent from the proposed amendment are factual allegations concerning CPL's corporate governance and operations, or that of its subsidiaries, or any other facts that would support a reasonable inference that the common enterprise assertion is true. *See* ECF No. 3-1.

I also note that the Plaintiffs' Motion for Leave to File Second Amended Complaint contains no discussion of the common enterprise issue. *See* ECF No. 3. Instead, the Plaintiffs assert that "further investigation since the filing of the original complaint has revealed additional parties whom Plaintiff[s] believe[ ] are or may be responsible" for the derailment and explosion. *Id.* at 4. This assertion does not shed light on how the facts alleged in the proposed second amended complaint support the conclusion that CPL and its affiliates are in fact a common enterprise. The Plaintiffs also argue that their proposed second amendment is not futile because they have alleged that "Defendants breached [their] duty to Plaintiff[s] by taking certain actions inconsistent with [their] knowledge of . . . the known risks associated with DOT-111 tank cars or the explosive nature of [Bakken Formation oil]." *Id.* at 5. Yet the proposed second amended complaint does not allege which defendant or defendants had such knowledge, nor how their relationship to CPL constituted a common enterprise.

Furthermore, at the July 13, 2016 hearing, the Plaintiffs argued that the purpose of the proposed amendment was "to capture those affiliates that we subsequently learned were the ones operating the train and join them in the

5

complaint[,]" ECF No. 25 at 82:2-4, and that "the allegations are that they acted as a common enterprise because Soo Line was the vehicle through which Canadian Pacific operated this train[,]" *id.* at 83:3-5. Yet the proposed second amended complaint does not allege that Soo Line, or any other CPL subsidiary, operated the train before it crossed the U.S.-Canadian border. *See* ECF No. 3-1.

The Plaintiffs also contended at the hearing that "[t]here is a common enterprise claim under Illinois law that has also been asserted." ECF No. 25 at 82:6-7. I presume that this is a reference to the fact that Counts One and Two of the proposed second amended complaint, which assert claims for wrongful death and in-concert negligence[2] under the Illinois Wrongful Death Act, 740 ILCS 180, *et seq.,* list CPL and its four subsidiaries as the defendants. *See* ECF No. 3-1 at 26, 30. However, the Plaintiffs do not cite to any specific provision of the Illinois Wrongful Death Act, *see id.* at 26-35, and they offer no explanation for how this Illinois statute serves to support their contention that CP and its corporate affiliates operated as a common enterprise, *see id.*; *see also* ECF No. 3.

Because "a court considering a motion to dismiss can choose to begin by identifying pleadings that . . . are no more than conclusions [and] are not entitled to the assumption of truth[,]" *Iqbal,* 556 U.S. at 679, I conclude that the plaintiffs' common enterprise allegation is too conclusory "to remove the possibility of relief from

---

[2] In Count Two, the Plaintiffs assert that Defendants World Fuel Service Corporation and Dakota Plains Holdings, Inc. (the "Suppliers") acted "in concert" with Defendants Edward Burkhardt, Rail World, Inc., and the Montreal, Maine & Atlantic Railroad (the "Railworld Shippers") and CP (defined to include CPL and all of its subsidiaries) to transport the shipment of oil from North Dakota to Quebec. *See* ECF No. 3-1 at 30, ¶ 168. The "in concert" allegation is not focused upon the relationship between CP and its corporate affiliates. *See id.*

the realm of mere conjecture[.]" *Haley,* 657 F.3d at 46.  The plaintiffs' other factual allegations are tainted because they follow from the common enterprise allegation— i.e., they contend that "CP," defined as all five Canadian and U.S. companies, acted or failed to act so as to be liable to the plaintiffs.  *See* ECF No. 3-1 at 27-35, ¶¶ 157-175.

For the foregoing reasons, the Plaintiffs' motion for leave to file a second amended complaint (ECF No. 3) is **DENIED** for futility.

**SO ORDERED.**

**This 28th day of September 2016.**

                          **JON D. LEVY**
                         **U.S. DISTRICT JUDGE**